**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENDELL DWAYNE O'NEAL, | No. 15-17460 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00565-DJH |
| v. | |
| LYNNE CHRISTENSEN ADAMS, employed at Osborn Maledon PA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, GRABER, and GOULD, Circuit Judges.

Wendell Dwayne O'Neal appeals pro se from the district court's judgment

dismissing his 42 U.S.C. §§ 1983 and 1985(3) action alleging that defendants

deprived and conspired to deprive him of his constitutional rights.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915(e)(2).  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  We affirm.

The district court properly dismissed O'Neal's action because O'Neal failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (elements of a claim under 42 U.S.C. § 1983); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (elements of claim under 42 U.S.C. § 1985(3)).

The district court did not abuse its discretion by dismissing O'Neal's complaint without leave to amend because amendment would have been futile.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying O'Neal's motion to reconsider because O'Neal failed to demonstrate any basis for relief.  *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R.

Civ. P. 59(e)).

We do not rule on O'Neal's "second motion for stay," filed on September 2, 2016, because it appears to be directed to the Arizona Court of Appeals.  All other pending motions and requests are denied.

**AFFIRMED.**